## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:19-CV-551-RJC-DCK

| | | |
|---|---|---|
| **Q.E.D. ENVIRONMENTAL SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JOINT PROTECTIVE ORDER** |
| | ) | |
| **PUMPONE ENVIRONMENTAL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

Upon stipulation of the parties for an order pursuant to Federal Rule of Civil Procedure 26(c), and for good cause to facilitate exchange of discovery materials, and to prevent the unauthorized disclosure and improper use of confidential, trade secret, and other sensitive information exchanged during the course of this litigation, it is **HEREBY ORDERED:**

That the Stipulation is **GRANTED**, and the Protective Order is entered as follows:

1.      Information, documents, and other materials may be designated by the producing party in the manner permitted ("the Designating Party"). All such information, documents, excerpts from documents, and other materials will constitute Designated Material under this Protective Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY." This Protective Order shall apply to Designated Material produced by any party or third-party in this action. For the purposes of this Protective Order, the use or placement of the apostrophe in "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" shall not affect

the designation. The party that receives Designated Material from the Designating Party is referred to herein as the "Receiving Party."

2.    "CONFIDENTIAL" information means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any electronic communication, extract, abstract, chart, summary, notes, or copy made therefrom – not made available to the public – and specifically including confidential or proprietary research, development, commercial, or financial information or other information that is deemed proprietary or confidential.

3.    "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any electronic communication, extract, abstract, chart, summary, notes, or copy made therefrom – not made available to the public – and specifically including strategic plans and competitive analyses or plans, and designated by one of the parties as containing highly sensitive information, including but not limited to, undisclosed technical specifications for current or future products, highly sensitive financial information and marketing plans and forecasts, and other highly sensitive business information.

4.    Designated Material shall not be used for any purpose other than the litigation of this action. Designated Material may be used and disclosed only to the categories of persons and under the conditions described in this Protective Order.

5. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and their associates, paralegals, and regularly employed office staff as well as employees of said to whom it is reasonably necessary to disclose the information for purposes of this litigation;

(b) Experts of the Receiving Party, as well as employees and assistants of said Experts (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Written Assurance" (Exhibit A), and (3) for Experts only, as to whom the procedures set forth in Section 7, below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Written Assurance" (Exhibit A);

(f) the custodian, author, recipient of the document, or person who's identified on the document, or other person who otherwise possessed or knew the information in the document; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged for purposes of settlement discussions.

6. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" Designated Material only to:

(a) the categories of individuals listed above in Section 5;

(b) the officers, directors, employees, and in-house attorneys, as well as their paralegals and regularly employed office staff, of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Written Assurance" (Exhibit A); and

(c) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court.

7. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a party that seeks to disclose to its Expert any Designated Material must first disclose the Expert to the Designating Party's outside counsel by providing (1) a copy of a Written Assurance (Exhibit A) executed by that Expert (2) a copy of the Expert's current resume or CV, and (3) identification of the Expert's current employer(s). The Designating Party shall have 10 days (the "Objection Period") to object to the disclosure of its Designated Material to that Expert and set forth the grounds on which the objection is based. A party that receives a timely written objection must meet and

confer with the Designating Party to try to resolve the matter by agreement within ten days of the written objection. If the dispute is not resolved, the party seeking to make the disclosure to its Expert will have ten (10) days from the date of the meet and confer to seek relief from the Court, unless superseded by the applicable discovery dispute resolution procedures of any Local Rules, Judge or Magistrate Judge presiding over such dispute. In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. If relief is not sought from the Court within that time, the request for disclosure shall be deemed withdrawn. For the avoidance of doubt, absent written consent of the Designating Party, a party may not share Designated Material with the identified Expert until either the expiration of the Objection Period without written objection or until the Court resolves the objection. Notwithstanding anything to the contrary in this paragraph, employees and assistants of Experts do not need to be disclosed.

8. A person having custody of Designated Material shall store and maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Protective Order.

9. Counsel shall maintain a collection of all Written Assurances by which persons have agreed to be bound by this Protective Order.

10. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Protective Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

11. The parties will use reasonable care to avoid designating as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" documents or information that does not need to be designated as such.

12. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Party does not agree to the re-designation within fifteen (15) business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

13. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten (10) business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the ten (10) business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to

whom the Designated Material may be disclosed under Sections 5-6 of this Protective Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under Sections 5-6 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14.  A Receiving Party that intends to file another Designating Party's Designated Material, or papers disclosing Designated Material, with the Court must seek to file those materials under seal in accordance with the Local Rules. By publicly filing pleadings or other papers disclosing or containing Designated Material, a Designating party waives the designated status of that material.

15.  The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16. Upon final termination of this action, including after any appeal, all Designated Material and copies thereof shall be returned promptly to the Designating Party (and in no event later than sixty (60) days after entry of final judgment or conclusion any appeal), or certified as destroyed to counsel of record for the Designating Party, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Party. Alternatively, the Receiving Party shall provide to the Designating Party a certification that all such materials have been destroyed. Notwithstanding the foregoing, counsel of record may retain all of their files from this litigation, including, but not limited to, pleadings, correspondence, discovery requests and responses, expert

disclosures, and transcripts, whether or not such files refer to or include any Designated Materials.

17. Any party who inadvertently fails to identify documents as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" shall have ten (10) calendar days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

18. Without intending to enlarge or otherwise modify the provisions or procedures set forth in Federal Rule of Evidence 502 or Federal Rule of Civil Procedure 26(b)(5), any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was inadvertently produced. Pursuant to Federal Rule of Evidence 502(d), no waiver of privilege or immunity shall be deemed to have occurred in this or any other matter as a consequence of the inadvertent production. The Receiving Party shall return, or certify as destroyed, such documents, including all copies, within ten (10) business days of receiving a written request to claw back a privileged or immune document. The party returning such documents may thereafter seek reproduction of any such documents pursuant to applicable law. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the

clawed-back documents, then the receiving attorney must notify the designating attorney in writing.

19.   The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Protective Order; or to seek any other relief from the Court.

20.   The restrictions imposed by this Protective Order may be modified by further order of the Court.

**SO ENTERED**.

Signed: March 17, 2020

David C. Keesler
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the litigation entitled *Q.E.D. Environmental Systems, Inc., v. PumpOne Environmental, LLC*, Case No. 3:19-cv-00551, in the United States District Court for the Western District of North Carolina, Charlotte Division, are subject to restrictions under a court order for the protection of such information. I have read and understand the Protective Order and agree to be bound by that order. I understand that any documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" must be kept confidential in accordance with the terms of the Protective Order, and that I am submitting to the jurisdiction of the court for purposes of enforcement of the Protective Order.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Signature: _____

Name (print):_____

Date: _____

Company: _____

Address: _____

_____